IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A BETTER CHICAGO, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:26-cv-257 |
| | ) |
| v. | ) Judge |
| | ) |
| LEADING A BETTER CHICAGO, INC., | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff A Better Chicago ("A Better Chicago" or "Plaintiff"), by and through its attorneys, Latham & Watkins LLP, alleges the following as and for its Complaint against defendant Leading a Better Chicago, Inc. ("Defendant"):

## NATURE OF ACTION

1. A Better Chicago is a leading philanthropic nonprofit based in Chicago, Illinois that provides funding and support geared towards the advancement of Chicago-area youth organizations, including those focused on education, career, and life services. Since at least as early as July 2010, Plaintiff has used the trademark A BETTER CHICAGO (the "A BETTER CHICAGO Mark") in connection with its services and to solicit funding from donors in Illinois and throughout the United States. In addition to the substantial common law rights that it has developed from such use of the A BETTER CHICAGO Mark, Plaintiff is also the owner of a use-based trademark application at the United States Patent & Trademark Office ("USPTO") for A BETTER CHICAGO (No. 99332737). The goodwill and recognition associated with the A BETTER CHICAGO Mark is among Plaintiff's most valuable assets.

2. Defendant is a similarly civic-focused nonprofit based in Chicago, Illinois. Upon information and belief, starting as early as March 11, 2025, Defendant began fundraising and offering philanthropic services, including those focused on improving education, in connection with the phrase "Leading a Better Chicago" (the "LEADING A BETTER CHICAGO Mark").

3. Defendant's use of the LEADING A BETTER CHICAGO Mark is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant and its services with the services offered by A Better Chicago. Such use is also likely to cause confusion, mistake, and deception with regard to the origin, sponsorship, or approval of the services offered by Defendant and the commercial activities of A Better Chicago by giving the false impression that Defendant is endorsed, approved, or sponsored by, or affiliated, connected, or associated with A Better Chicago, when it is not. This confusion is particularly likely among prospective donors, who, given the overlapping goals of both organizations, are or will be likely to donate or be solicited for donations by both organizations.

4. Defendant's actions constitute unfair competition in violation of both federal (15 U.S.C. § 1125(a)) and state (815 Ill. Comp. Stat. 510/1 et seq.) statutes, and trademark infringement, unfair competition and unjust enrichment in violation of Illinois common law.

5. Accordingly, Plaintiff seeks: (1) an order declaring that Defendant has committed these federal and state violations; (2) permanent injunctive relief prohibiting Defendant from using Plaintiff's mark or any other confusingly similar marks; and (3) such other and further relief as the Court deems just and appropriate under the circumstances.

**PARTIES**

6. A Better Chicago is, and at all times relevant hereto was, an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois.

7. Upon information and belief, Defendant is, and at all times relevant hereto was, an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1331 (federal question jurisdiction), § 1338(a) and (b) (jurisdiction over trademark and unfair competition claims) and § 1367 (supplemental jurisdiction over related state law claims).

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business, actively fundraises, and offers its philanthropic services in Illinois and this Judicial District, including, but not limited to, hosting events throughout this District and directly promoting events and fundraising efforts through its website at leadingabetterchicago.com and its Instagram profile at leadingabetterchicago.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) because both A Better Chicago and Defendant are residents of Illinois, because this Court has personal jurisdiction over Defendant, and because a substantial part of the events giving rise to the claims alleged herein occurred in this Judicial District.

## FACTUAL ALLEGATIONS

### *A Better Chicago*

11. Founded in 2010, A Better Chicago is a nonprofit, venture philanthropy fund that seeks to combat youth poverty in the Chicago area by investing in nonprofits that help children escape poverty and improve their lives by providing resources and opportunities that help them thrive in education, career, and life.

12. As Chicago's first venture philanthropy fund, A Better Chicago has longstanding ties to local and nationwide charitable and civic organizations. Over the years, A Better Chicago

3

has supported community-embedded leaders across the city, including A House in Austin, The Bloc, MAAFA Redemption Project, Project OneTen, and the Rush Education and Career Hub, and has provided organizations with venture and growth funds to scale and grow their impact, including, but not limited to, It Takes a Village Family of Schools, Roosevelt University, and Alternatives.  A Better Chicago has also worked with the Chicago Blackhawks Foundation, the NHL team's philanthropic arm, since 2020 beginning with their multi-year, multi-million dollar "One West Side" partnership.[1]

13. Currently, A Better Chicago is launching a citywide chronic student absenteeism initiative, Every Day Counts, "to reverse the trend of chronic absenteeism in Chicago through collaboration, innovation, and bold action."[2]  Through this initiative, A Better Chicago will invite "schools, community-based organizations, and civic partners to propose evidence-informed approaches—particularly those rooted in connection, prevention, and trusted relationships—that support consistent attendance and student engagement across key transition points."[3]

14. Moreover, A Better Chicago has developed the Youth Opportunity Dashboard to address opportunity gaps and help community members and policymakers make practical impact for Chicago's youth where it is needed most.

---

[1] Press Release, *Blackhawks Foundation, A Better Chicago Launch 'One West Side,'* Chicago Blackhawks (Sept. 22, 2020), https://www.nhl.com/blackhawks/news/release-blackhawks-foundation-a-better-chicago-launch-one-west-side-319143626 (last visited Jan. 9, 2026).

[2] Chronic Absenteeism Initiative, A Better Chicago, https://www.abetterchicago.org/chronic-absenteeism-initiative (last visited Jan. 9, 2026).

[3] Every Day Counts, A Better Chicago, https://www.abetterchicago.org/wp-content/uploads/ABC_EDC-LOI_vf1.pdf (last visited Jan. 9, 2026).

15. A Better Chicago's impact on the Chicago community has been significant. To date, A Better Chicago's investments in partner organizations across the city have surpassed $83 Million and have provided support to over 140,000 students.[4]

16. As one part of its fundraising efforts to support these investments, A Better Chicago hosts an annual Grape + Grain Fine Wine and Spirits Charity Auction, which has raised over $1.5 million, over $800,000 of which was in 2024 alone.[5]

17. Indeed, A Better Chicago has strong support both in attendance at its events and in involvement in its leadership, including individuals from U.S. Venture, Inc., Goldman Sachs, The Alinea Group Restaurants & Tock LLC, Google, Feeding America, The Barack Obama Foundation, and, as noted above, the Chicago Blackhawks—to name a few.

### *A Better Chicago's Mark*

18. Since at least as early as July 15, 2010, Plaintiff has used the A BETTER CHICAGO Mark consistently in connection with its philanthropic and consulting services provided to nonprofit organizations in Illinois and across the United States.

19. Plaintiff owned a registered a service mark for the term A BETTER CHICAGO. Plaintiff filed its trademark application for the A BETTER CHICAGO service mark originally on April 19, 2017 and registered the trademark on January 9, 2018 as U.S. Trademark No. 87416554. The mark was legally and validly registered for a wide range of services, including but not limited to philanthropic and consulting services provided to non-profit organizations. Plaintiff held the mark until July 22, 2024, when it was inadvertently allowed to lapse.

---

[4] Investor Report 2024, A Better Chicago, https://www.abetterchicago.org/wp-content/uploads/ABC_InvestorReport_2024_vF.pdf (last visited Jan. 9, 2026).

[5] Frankie Smith, *3rd Annual Grape + Grain Auction Raises Funds To Lift Youth From Poverty*, Modern Luxury (Oct. 23, 2024), https://www.modernluxury.com/better-chicano-3rd-grape-grain-auction/ (last visited Jan. 9, 2026).

20. Plaintiff also since applied for and now owns a use-based trademark application at the USPTO (No. 99332737) for A BETTER CHICAGO, covering philanthropic and consulting services in Classes 35 and 36.

21. Plaintiff has spent substantial time, money, and effort to establish public awareness and recognition of the A BETTER CHICAGO Mark. Through careful cultivation of its services provided under the A BETTER CHICAGO Mark, Plaintiff has developed an exceptional reputation as a provider of philanthropic services throughout the city of Chicago and nationally. As a result, Plaintiff has developed a sizable population of Chicagoland youth and families who use its services and a loyal and similarly large donor base, who care deeply about improving the lives of children, and, more broadly, Chicago itself. Due to these efforts, the A BETTER CHICAGO Mark has become one of Plaintiff's most valuable assets. The public and donors have come to identify Plaintiff as a distinct source of business advisory, philanthropy, and charitable fundraising services throughout the city of Chicago and the United States.

22. Indeed, through Plaintiff's widespread and continuous use of its A BETTER CHICAGO Mark, this mark has acquired extensive goodwill, developed a high degree of distinctiveness, and become widely-known and recognized as identifying the services that originate from Plaintiff.

### *Defendant and Its Unauthorized Uses of the LEADING A BETTER CHICAGO Mark*

23. Upon information and belief, Defendant is a nonprofit founded in 2025 by Bill Quinlan, an attorney in the Chicago area. Defendant focuses on fundraising and philanthropic services aimed at engaging the community to improve the city of Chicago.

24. More specifically, Defendant's stated mission is to "bring innovative ideas, practical solutions, and tested strategies to the problems Chicago can't afford to ignore." These

problems include "public safety," "city finances," "education," and "livability." The following image is an excerpt from Defendant's website describing its mission:

> **We bring innovative ideas, practical solutions, and tested strategies to the problems Chicago can't afford to ignore.**
>
> From public safety to city finances, education to livability, we connect national experts with the communities living these challenges every day. Together, we shape policies rooted in real-world experience and built to deliver results where they matter most.

(Source: *https://leadingabetterchicago.com/#Mission* (last visited Jan. 9, 2026))

25. Upon information and belief, Defendant is using and intends to expand the use of the LEADING A BETTER CHICAGO Mark in connection with these fundraising and philanthropic services, which are aimed at engaging the community to improve the city of Chicago. For example, Defendant posted the following social media post on Instagram on September 26, 2025, stating "Last week at Erie Café, 100 Chicagoans came together to hear Bill Quinlan's Blueprint for a Better Chicago:"



(Source: *https://www.instagram.com/leadingabetterchicago/p/DPEqE5PjuOd/* (last visited Jan. 9, 2026))

26. As shown above, Defendant not only features the LEADING A BETTER CHICAGO Mark as its official Instagram handle, but it also references "a Better Chicago"—identical to the A BETTER CHICAGO Mark—in its social media posts promoting its activities and events.

8

27. After learning of Defendant's unauthorized use of the A BETTER CHICAGO Mark, Plaintiff sent a letter to Defendant on October 9, 2025, demanding that Defendant "immediately cease and desist from the use of any and all trademarks, service marks, or trade names that are confusingly similar to the A BETTER CHICAGO trademark, including use of the mark LEADING A BETTER CHICAGO."

28. In this letter, Plaintiff informed Defendant that: (a) Plaintiff has used the A BETTER CHICAGO trademark consistently in connection with its philanthropic and consulting services provided to nonprofit organizations since at least July 15, 2010; and (b) Plaintiff owns rights in the A BETTER CHICAGO Mark, including the use-based trademark application for it at the USPTO.

29. Defendant responded to this letter by rejecting Plaintiff's demands.

30. More importantly, Defendant has willfully continued to use the LEADING A BETTER CHICAGO Mark at various philanthropic events in Chicago, online via its website, www.leadingabetterchicago.com, and on its various social media platforms, including in a recent Instagram post from November 11, 2025:



(Source: *https://www.instagram.com/leadingabetterchicago/p/DQ67IkRjoaD/* (last visited Jan. 9, 2026))

31. Such content is still available to the public as recently as the date of this filing, and Defendant has refused to meaningfully engage with Plaintiff's counsel to address A Better Chicago's concerns, let alone cease use of the infringing trademark.

32. In light of Plaintiff's renown, online presence, and long history of providing services under the A BETTER CHICAGO Mark, consumers will likely be confused and mistakenly believe that Defendant and its services are endorsed, approved, or sponsored by, or affiliated, connected, or associated with A Better Chicago, when they are not.

33. Given Defendant's failure to address Plaintiff's concerns, its continuing use of the LEADING A BETTER CHICAGO Mark, and its decision to proceed with causing consumer confusion and otherwise harming the A BETTER CHICAGO mark, Plaintiff is forced to bring this suit to pursue its claims and protect its valuable mark.

*A Better Chicago is Harmed by Defendant's Continuing Infringement and Unlawful Conduct*

34. Defendant's continued use of the confusingly similar LEADING A BETTER CHICAGO name in commerce violates Plaintiff's valuable intellectual property rights in the A BETTER CHICAGO Mark, and Defendant's knowing, intentional, willful, and malicious use of the LEADING A BETTER CHICAGO name is damaging to A Better Chicago and its intellectual property.

35. Defendant has used the LEADING A BETTER CHICAGO Mark to unfairly usurp and capitalize on the value and goodwill of the A BETTER CHICAGO Mark. Defendant is aware of Plaintiff's strong trademark rights and reputation in the marketplace, but nevertheless has adopted and continues to use the LEADING A BETTER CHICAGO name to profit from the goodwill associated with the A BETTER CHICAGO Mark.

36. Defendant has intentionally and knowingly capitalized off of the confusion arising between the A BETTER CHICAGO Mark and the LEADING A BETTER CHICAGO Mark, including by providing services that are nearly identical to the services offered by Plaintiff and seeking charitable support from similar or identical sources.

37. Due to Defendant's willful infringement and unlawful conduct, Plaintiff is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights.

38. Plaintiff's interest in protecting its intellectual property rights and its services from consumer confusion outweigh any harm to Defendant. The public interest is best served by granting Plaintiff's requested relief against Defendant.

**FIRST CLAIM FOR RELIEF**

**(Unfair Competition under the Lanham Act – 15 U.S.C. § 1125(a))**

39. As stated above, since at least 2010, Plaintiff owns the A BETTER CHICAGO Mark of which Defendant is and has been aware.

40. Defendant has displayed, and continues to display, the LEADING A BETTER CHICAGO Mark in promotion of its philanthropic events and on its website, social media platform(s), and promotional materials without a valid license or the consent of Plaintiff. Defendant's use of its mark in this manner is likely to have caused and will continue to cause confusion, mistake, and deception amongst the public, including those who are likely to donate to or be solicited for donations by both organizations, and as to the affiliation, connection, or association of Defendant and its services with the services offered by A Better Chicago in connection with the A BETTER CHICAGO Mark. Such use is also likely to cause confusion, mistake, and deception with regard to the origin, sponsorship, or approval of the services offered

12

by Defendant and the commercial activities of A Better Chicago. Defendant's actions are in violation of 15 U.S.C. § 1125.

41. Defendant was and is aware of the A BETTER CHICAGO Mark, as it was on constructive notice based on Plaintiff's original federal trademark registration, its pending application to register the mark, and its extensive common law use of the mark, as well as on actual notice based on, at least, communications between Plaintiff and Defendant regarding this matter. Thus, Defendant's unauthorized use of the LEADING A BETTER CHICAGO Mark was and is knowing, intentional, and willful.

42. By committing these acts, Defendant has engaged in acts of unfair competition with Plaintiff, and Defendant had deprived and continues to deprive A Better Chicago of the ability to control the consumer perception of its brand, placing the valuable reputation and goodwill of A Better Chicago in the hands of Defendant, over whom A Better Chicago has no control.

43. Defendant's willful acts of unfair competition have also caused, and, if not permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

44. Defendant's activities have caused and will continue to cause irreparable harm to Plaintiff, for which it has no adequate remedy at law, because: (i) the A BETTER CHICAGO Mark comprises unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with Plaintiff's goodwill and relationships and is harming and will continue to substantially harm Plaintiff's reputation as a source of high-quality services; and (iii) Defendant's wrongful conduct, and the damages resulting to Plaintiff, are continuing.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition – Illinois Uniform Deceptive Trade Practices Act)

### (815 Ill. Comp. Stat. 510/1 *et seq.*)

45. Plaintiff repeats and re-alleges the allegations made in Paragraphs 1 through 44 as if fully stated herein.

46. Defendant has displayed, and continues to display, the confusing similar LEADING A BETTER CHICAGO Mark in its branding and fundraising efforts without a valid license or the consent of Plaintiff. Defendant's actions are likely to have caused and will continue to cause confusion, mistake and deception both among consumers and donors and as to the affiliation, connection, sponsorship, partnership and/or association of Defendant with A Better Chicago. These actions violate 815 Ill. Comp. Stat. 510/1 *et seq*.

47. Because Defendant had actual and constructive notice of Plaintiff's prior use of and rights in the A BETTER CHICAGO Mark before it used a confusingly similar mark in branding and fundraising efforts, Defendant willfully engaged in unfair trade practices in violation of Illinois law.

48. Defendant's wrongful conduct has caused and, if not permanently enjoined, will continue to cause Plaintiff to suffer irreparable harm.

49. Defendant's wrongful conduct has also caused Plaintiff to suffer and continue to suffer commercial damages and other pecuniary harm.

## THIRD CLAIM FOR RELIEF

### (Trademark Infringement – Illinois Common Law)

50. Plaintiff repeats and re-alleges the allegations made in Paragraphs 1 through 49 as if fully stated herein.

51. Defendant has displayed, and continues to display, the LEADING A BETTER CHICAGO Mark in its branding and fundraising efforts without a valid license or the consent of Plaintiff. Defendant's actions are likely to have caused and will continue to cause confusion, mistake and deception both among consumers and donors and as to the affiliation, connection, sponsorship, partnership and/or association of Defendant with A Better Chicago.

52. Defendant's wrongful conduct has also caused, and, if not permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition – Illinois Common Law)

53. Plaintiff repeats and re-alleges the allegations made in Paragraphs 1 through 52 as if fully stated herein.

54. Defendant has displayed, and continues to display, the LEADING A BETTER CHICAGO Mark in its branding and fundraising efforts without a valid license or the consent of Plaintiff. Defendant's actions are likely to have caused and will continue to cause confusion, mistake and deception both among consumers and donors and as to the affiliation, connection, sponsorship, partnership and/or association of Defendant with A Better Chicago.

55. Defendant's wrongful conduct has also caused, and, if not permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment – Illinois Common Law)

56. Plaintiff repeats and re-alleges the allegations made in Paragraphs 1 through 55 as if fully stated herein.

57. Upon information and belief, Defendant has received, and continues to receive, a pecuniary and/or other benefits by displaying the LEADING A BETTER CHICAGO Mark in its branding and fundraising efforts.

58. Plaintiff has been, and will continue to be, deprived of pecuniary and/or other benefits by Defendant's unauthorized use of the LEADING A BETTER CHICAGO Mark.

59. Defendant's retention of benefits obtained through the unauthorized or infringing use of the LEADING A BETTER CHICAGO Mark would be unjust.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a final judgment that provides for the following findings and orders the following relief:

A. Defendant has infringed Plaintiff's trademark rights in the A BETTER CHICAGO Mark;

B. Defendant has engaged in unfair competition by improperly using a mark that is confusingly similar to Plaintiff's A BETTER CHICAGO Mark;

C. Defendant has unjustly received a pecuniary and/or other benefit, and denied the same to Plaintiff, by improperly using a mark that is confusingly similar to the A BETTER CHICAGO Mark;

D. Entry of a permanent injunction prohibiting Defendant from using the LEADING A BETTER CHICAGO Mark or any other confusingly similar marks; and

E. Awarding such other and further relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

Dated: January 9, 2026  Respectfully submitted,

/s/ *Matthew W. Walch*

Matthew W. Walch (matthew.walch@lw.com)
LATHAM & WATKINS LLP
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700

Ryan R. Owen (ryan.owen@lw.com) (*pro hac vice* forthcoming)
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235

*Attorneys for Plaintiff*
*A Better Chicago*